IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARBI SEMIANI, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-0080-L-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, the complaint should be summarily **DISMISSED**.

On January 9, 2017, Plaintiff, a resident of Algeria, initiated this lawsuit by filing a *pro se* complaint, asserting civil rights and criminal law violations stemming from various adverse orders and judgments, including monetary judgments that were entered against him by a California state court. Doc. 2 at 1-4. He claims he was wrongfully denied a visa to enter the United States and, thus, could not participate in the prior state proceedings. *Id.* Plaintiff seeks $33,600 in damages, the amount which he claims was erroneously seized by the California state court. Doc. 2 at 5.

Plaintiff is no stranger to the federal courts. Since 2005, he has filed over a dozen actions, in seven district courts, seeking essentially the same relief, based on the same facts. *Seminani v. United States*, No. 2:16-CV-1724, 2016 WL 6879574 (W.D. Pa. Nov. 16, 2016) (summarizing filing history). Each of the actions have been promptly dismissed as frivolous, for

failure to state a claim, and/or for improper venue. *Id.* Indeed, the allegations in this case are duplicative of the claims he raised in his most recent 2016 actions. *See Semiani v. United States*, No. 2:16-CV-1724, 2016 WL 6879574 (citing *Semiani v. United States*, No. 5:16-CV-00160 (E.D. KY May 25, 2016); *Semiani v. United States*, No. 1:16-CV-2850 (S.D. NY Apr. 21, 2016)).

Even under the most deferential review, Plaintiff claims here allege essentially the same facts, arise from substantially the same events, and involve the same defendants as the claims he unsuccessfully litigated in the above cited 2016 actions. *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (recognizing that an *in forma pauperis* ("IFP") action is duplicative when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."). Consequently, the complaint in this case should be dismissed as frivolous and malicious. *See Roberson v. Breen*, 444 Fed. Appx. 841, 842 (5th Cir. 2011) (*per curiam*) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.") (citing *Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993) (relating to pending litigation); and *Wilson*, 878 F.2d at 850) (addressing dismissed litigation)); *see also* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief).

## II. SANCTION WARNING

Given Plaintiff's filing history and the frivolous nature of the claims asserted in this case, Plaintiff should be warned that if he persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar him from bringing any further action. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITH PREJUDICE** as frivolous and malicious, *see* 28 U.S.C. § 1915(e)(2)(b), and that Plaintiff be **WARNED** that if he persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar him from bringing any further action.

**SIGNED** January 31, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                             RENEE HARRIS TOLIVER
                                                             UNITED STATES MAGISTRATE JUDGE