IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARBI SEMIANI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-0080-L-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court is Plaintiff's Complaint ("Complaint") (Doc. 2), filed January 9, 2017. This *pro se* action was referred to Magistrate Judge Renee Harris Toliver, who entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on January 31, 2017, recommending that the court dismiss the action. The Report determined that the Complaint alleged substantially the same facts and events, and includes the same defendant as Plaintiff's most recent previous lawsuits in the Eastern District of Kentucky and Southern District of New York. *See Semiani v. United States*, No. 2:16-CV-1724, 2016 WL 6879574 (citing *Semiani v. United States*, No. 5:16-CV-00160 (E.D. Ky. May 25, 2016); *Semiani v. United States*, No. 1:16-CV-2850 (S.D.N.Y. Apr. 21, 2016)). Accordingly, the Report concluded that this action is duplicative and should be dismissed as frivolous and malicious. The Report also recommended, in light of Plaintiff's abusive filing history and the frivolous nature of the claims asserted in the case, that Plaintiff be warned that if he persists in filing frivolous or baseless cases, the court may impose monetary sanctions and/or bar him from bringing any further actions. Specifically, the

Report noted that Plaintiff has filed over a dozen actions in seven district courts nationwide seeking essentially the same relief based on the same facts. Plaintiff has filed an objection to the Report.

## A. Plaintiff's Objection

Plaintiff's objection does not identify the part of the Report to which he raises an objection. Instead, he continues to allege claims that are duplicative of those asserted by Plaintiff in his prior lawsuits. Moreover, the court notes that Plaintiff's objection is not signed in accordance with Federal Rule of Civil Procedure 11(a), and it was submitted using the Assist Team's e-mail address, not through the mail or the Electronic Case Filing (ECF) system. Accordingly, the objection is **overruled**, as it does not properly identify the portion of the Report to which it is objecting.

## B. Abusive and Improper Filings

Although he is a registered ECF user, Plaintiff has repeatedly disregarded court procedures and submitted unsigned pleadings and correspondence directly to the Assist Team's e-mail address in contravention of court procedures. Consequently, on February 3, 2017, the Magistrate Judge ordered the Clerk's Office to refuse "further filings from Plaintiff unless received through the mail or electronically filed through ECF." Doc. 10. Plaintiff, however, continues to submit numerous pleadings and correspondence to the Assist Team's e-mail address. In the past two months, he has sent over seven submissions. *See* Doc. 11 (compiling e-mails received since February 3, 2017).

On April 2, 2017, Plaintiff filed a new, unsigned complaint with a motion to appoint counsel through the emergency filing e-mail address. *See* Case No. 3:17-CV-0932. In essence, Plaintiff reiterates the allegations in the January complaint and seeks the appointment of counsel. Since the new action arises from the same course of events as the January 2017 complaint, the new case was transferred to the undersigned and consolidated with Case No. 3:17-CV-0080.

A review of the Public Access to Courts Electronic Records (PACER) reflects Plaintiff recently filed a similar complaint with a motion to appoint counsel in the Eastern District of Kentucky. *See In re Semiani*, No. 5:17-CV-00142 (E.D. Ky. Mar. 21, 2017) (pending screening). As in this case, the complaint and motion were submitted for filing through the ECF emergency filing e-mail address. Plaintiff also tendered through e-mail a petition seeking access to the court for justice, which repeats his assertions. *See Semiani v. United States*, No. 5:16-CV-0160 (E.D. Ky. Feb. 18, 2017).

The plaintiff has been advised that filings cannot be submitted to this and other courts by e-mail and that he must sign all of his pleadings. *See Semiani v. United States*, No. 16-5765 (6th Cir. Aug. 2, 2016) (dismissing appeal in No. 5:16-CV-0160 for failure to submit a signed notice of appeal and noting that Plaintiff had been repeatedly notified that pleadings could not be filed by e-mail); *Semiani v. United States*, No. 5:16-CV-0160 (E.D. Ky. 2016) (numerous docket entries and notices from clerks notifying the plaintiff that filings must contain an original signature and cannot be filed through e-mail).

### III. Sanctions Warning

As Plaintiff has filed over a dozen actions in seven district courts nationwide, the court determines that Plaintiff is a serial litigator. The Report forewarns Plaintiff that continued filing of frivolous lawsuits will result in sanctions. Given the nature and frivolity of his lawsuit, the court deems it appropriate to reiterate the warning regarding the future imposition of sanctions. If Plaintiff files any more lawsuits in violation of this court order, he will be sanctioned monetarily, and the court will impose any other sanctions it deems fair and just.

## IV. Conclusion

Having reviewed the Complaint, record, Report, and applicable law, the court determines the findings and conclusions of the magistrate judge recommending the dismissal of Case No. 3:17-CV-0080 are correct, and **accepts** them as those of the court. The court further finds that Case No. 3:17-CV-0932 is duplicative of the claims Plaintiff raised in Case No. 3:17-CV-0080 and the 2016 actions noted above. Even under the most deferential review, Plaintiff reasserts claims that allege essentially the same facts, arise from substantially the same events, and involve the same defendants as the claims he raised in Case No. 3:17-CV-0080 and unsuccessfully litigated in the 2016 actions. Accordingly, the court **dismisses** the consolidated action **with prejudice as frivolous and malicious**. *See Roberson v. Breen*, 444 F. App'x. 841, 842 (5th Cir. 2011) (per curiam) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.") (citing *Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993) (relating to pending litigation); and *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (addressing dismissed litigation)); 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief).

Plaintiff's motion to appoint counsel is **denied**. Doc. 3 in No. 3:17-CV-0932. A court may appoint counsel for a plaintiff proceeding *in forma pauperis* only if the case presents "'exceptional circumstances.'" 28 U.S.C. § 1915(e)(1); *see Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir. 2001) (*in forma pauperis* plaintiff is not entitled to court-appointed counsel as a matter of law.) Here, Plaintiff has wholly failed to make that showing especially in light of the duplicative, frivolous nature of his pleadings.

In addition, because Plaintiff persists in filing duplicative lawsuits and disregarding court filing procedures, he is instructed that he **may not refile this complaint or any other civil action** in this court without either paying the applicable filing fee or filing an appropriate motion for leave to file accompanied by a proposed complaint and a motion for leave to proceed *in forma pauperis*. The Clerk of Court is **ordered** to docket – for administrative purposes only – any future civil action by Plaintiff that does not comply with these requirements and immediately close the case after placing a copy of the sanction order in the file, with no other action taken on non-compliant submissions. For purposes of this sanction, "filing" includes civil actions, documents, claims, or requests received by the court in paper or via transfer, removal, or submission to the court's emergency filing account. The Clerk of Court is **ordered** to disregard any further attempts by the Plaintiff to submit documents, claims, or requests for relief e-mailed to individual court staff or teams.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. 24(a)(5).

**It is so ordered** this 19th day of April, 2017.

                                              Sam A. Lindsay
                                              United States District Judge